**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **Mary L. Thomas, Individually and on** | § | |
| **Behalf of Others Similarly Situated** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **Huntleigh USA Corporation** | § | |
| | § | |
| | § | |
| **Defendant.** | § | **JURY TRIAL DEMANDED** |
| | § | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

Plaintiff Mary L. Thomas ("Plaintiff" or "Ms. Thomas") files this lawsuit against Huntleigh,

USA Corporation ("Defendant") for herself and all others similarly situated, pursuant to §216(b)

of the Fair Labor Standards Act ("FLSA"). Defendant did not pay its employees, including the

Plaintiff, wages for work performed by its employees. Defendant automatically deducted thirty

(30) minutes from each shift worked by its employees for meal breaks regardless of whether the

employee actually had an uninterrupted meal break. As such, Defendant denied wages to

Plaintiff and its' employees, failed to pay overtime, and is in violation of minimum wage law.

Should the Court deny conditional certification for a collective action, Plaintiff, as well as any

other employees of Defendant, wish to pursue their claims on an individual basis.

### JURISDICTION AND VENUE

1.      This court has jurisdiction because Plaintiff's claims arise under federal law

pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, et seq.

2.      Venue is proper in the Southern District of Texas because Defendant operates

at airport facilities in this district and because a substantial portion of the events forming the basis of this suit occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

3.      Plaintiff Mary L. Thomas currently resides in Houston, Texas.

4.      Defendant Huntleigh USA is a foreign corporation doing business in Harris County, Texas, and may be served by delivering a copy of the complaint and citation to its registered agent, National Registered Agents, Inc, 1999 Bryan St. Ste 900, Dallas, Texas 75201, or at any other place where it may be found.

5.      At all times material to this action, Ms. Thomas was employed by the Defendant.

6.      Class Members are all of Defendant's current and former hourly employees who were denied compensation for work performed during their meal break, who were denied overtime, and or who were paid less than the minimum wage of $7.25.

## FLSA COVERAGE

7.      At all material times, Defendant has been an employer within the meaning of FLSA under 29 U.S.C. §203(d).

8.      At all material times, Defendant has been an enterprise within the meaning of the FLSA under 29 U.S.C. §203(r).

9.      Ms. Thomas and Defendant's past and current employees defined in ¶ 6 are employees within the meaning of 29 U.S.C. §203(e).

10.     At all material times, Defendant has been an enterprise in commerce or in production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

11.     Defendant had, and continues to have, an annual gross business volume

of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203

(s)(1)(A)(ii).

12.     Defendant employed numerous employees, including Ms. Thomas, as Passenger

Service Agents (collectively as "Service Agents") who engaged in interstate commerce because

they were flying across state lines.

13.     Defendant itself is engaged in interstate commerce because Defendant ordered

supplies across state lines, conducted business with merchants across state lines, and provided

various aviation services in locations across the country.

14.     At all material times, Defendant's employees, such as Ms. Thomas, engaged in

commerce or in the production of goods for commerce as required by 29 U.S.C. §207.

## FACTS

15.     Defendant hired employees, such as Ms. Thomas, to act as Service Agents whose

duties included providing customer service to passengers with special needs at George Bush

Intercontinental Airport and William P. Hobby Airport.

16.     Defendant has had a payroll policy of automatically deducting thirty (30) minutes

from its employees' time for each shift worked for a so-called meal break.

17.     This policy of automatically deducting thirty (30) minutes from each shift has

applied to all Service Agents.

18.     Each Service Agent is required to clock in at the beginning of his or her shift and

clock out at the end under Defendant's policy.

19.     However, there is no clock in or clock out policy in regards to meal breaks.

20.     This payroll policy applies to employees responsible for passenger care including,

but not limited to, Service Agents.

21.     Defendant required Service Agents to carry a phone so that Defendant or other airport personnel can reach them at all times.

22.     Service Agents are required to answer the phone during their meal breaks.

23.     Service Agents are required to respond to service calls for wheel chair attendants at the gate or jetway, even during their meal break.

24.     The primary duties of a Service Agents include: provide customer services to airline passengers, vendor behind counters, provide ground handling services, clean cabins, and help with baggage and transportation.

25.     Service Agents worked over forty (40) hours in at least one work week over the past three years.

26.     Service Agents often worked "off the clock."

27.     Defendant knew that Service Agents worked "off the clock."

28.     Defendant denied Service Agents their wages.

29.     Service Agents performed their job under Defendant's supervision.

30.     Service Agents used materials and technology approved and supplied by Defendant.

31.     Service Agents work at an hourly rate of $7.25.

32.     Defendant violated the FLSA when it automatically deducted thirty (30) minutes from each shift and failed to fully compensate Service Agents for the time they worked.

33.     When Service Agents worked more than forty (40) hours in a workweek, Defendant did not pay them one and one-half times their regular hourly rate for meal breaks.

34.     These unpaid meal breaks constitute compensable time under the FLSA because (1) Service Agents were not completely relieved from their duties, (2) they were interrupted or

4

subject to interruptions with work duties during meal periods, or (3) they entirely skipped the meal break due to work demands.

35.     Defendant classifies Service Agents as non-exempt from overtime pay.

36.     In addition, other personal expenses were incurred for the benefit of Defendant, which were paid the Service Agents which diluted their overtime compensation rate.

37.     Defendant's method of paying Service Agents was a knowing and willful violation of the FLSA.

38.     Defendant knew or should have known that it was in violation of FLSA.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

39.     Ms. Thomas brings this complaint as a collective action pursuant to 29 U.S.C. §216(b) on behalf Service Agents employed by Defendant as non-exempt, hourly employees involved in passenger services, or in substantially similar positions, within three (3) years from the commencement of this action. Defendant has not compensated these Service Agents, including Ms. Thomas, for the unpaid meal break as described above.

40.      Per 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action for the claims asserted by Ms. Thomas because her claims are similar to the claims possessed by Class Members.

41.     Defendant subjected Class Members and Ms. Thomas (collectively as "Service Agents"), to its common practice, policy, or plan of refusing to pay overtime for all work performed, in clear violation of the FLSA.

42.     Service Agents are similarly situated because they are all subject to Defendant's policy, scheme, and compensation plan.

43.     Service Agents work, or have worked, for Defendant but were not paid overtime

at the rate of one and one-half times their regular hourly rate when those hours exceeded forty (40) per workweek for meal breaks during which they were not completely relieved of their duties that were interrupted, interruptible, or entirely missed due to work demands.

44.    Defendant did not fully compensate Service Agents for hours worked in excess of forty (40) hours per workweek.

45.    Service Agents perform or have performed the same job duties.

46.    Service Agents regularly work or have worked in excess of forty (40) hours during a workweek.

47.    Service Agents are not exempt from receiving overtime compensation under the FLSA.

48.    Defendant's failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Service Agents.

49.    The specific job titles or precise job responsibilities of each Service Agent do not prevent collective treatment.

50.    Service Agents, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek for interrupted or missed meal breaks.

51.    Although the exact amount of damages may vary among Service Agents, the damages for Service Agents can be easily calculated, summed, and allocated based on a simple formula.

52.    Service Agents' claims arise from a common nucleus of operative facts; namely, the continued and willful failure of Defendant to comply with its obligation to legally

compensate its employees.

53.     Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to Service Agents. Defendant had a plan, policy or practice of not paying Service Agents for interrupted or missed meal breaks.

54.     The precise number of Class Members should be readily available from Defendant's personnel, scheduling, time and payroll records, and from input received from Class Members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). The names and addresses of the Class Members of the collective action are discoverable from Defendant.

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207 FAILURE TO PAY OVERTIME COMPENSATION FOR "OFF THE CLOCK" WORK

55.     Ms. Thomas incorporates all allegations contained in the foregoing paragraphs.

56.     Throughout the relevant period, Defendant suffered and/or permitted Service Agents to work additional time outside of her shift for work-related tasks. These tasks include, but are not limited to, attending to wheelchair passengers, escorting wheelchair passengers through the terminals, or escorting passengers through the immigration checkpoints.

57.     Service Agents were actively discouraged from logging time outside the parameters set by Defendant. However, due to the demands of the job, Service Agents routinely performed work related tasks outside of her scheduled shift.

58.     Accordingly, consistent with the policies and procedures set up by Defendant, Service Agents performed work for which they were not compensated. Defendant's policies and practices favored Defendant at the expense of Service Agents.

59.     Defendant violated and continues to violate the FLSA when it failed to pay Service Agents for "off the clock" work under 29 U.S.C. § 207 as a non-exempt employee. Because of these violations, Service Agents have suffered a wage loss in weeks where the total

7

time worked (logged and unlogged) exceeds forty (40) hours.

60.     Defendant's failure to pay overtime to Service Agents, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

61.     Ms. Thomas worked off the clock and was not compensated for work performed off the clock. More specifically, Ms. Thomas was required to work during her meal break but Defendant automatically deducted thirty (30) minutes from each shift she worked.

62.     Ms. Thomas worked more than forty (40) minutes

### COUNT TWO: VIOLATION OF 29 U.S.C. § 206 FAILURE TO PAY REQUIRED MINIMUM WAGE RATE

63.     Ms. Thomas incorporates all allegations contained in the foregoing paragraphs.

64.     Defendant's practice of failing to pay Service Agents at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206. Each time Defendant deducted a half an hour from the pay rate of Service Agents resulted in a minimum wage violation as Service Agents were paid $7.25 per hour.

65.     None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to the Defendant or the Plaintiff.

66.     Ms. Thomas worked in excess of forty (40) hours a week and has not been compensated at all for those hours for at least one workweek.

67.     Ms. Thomas was compensated below minimum wage for all work performed, including off the clock, for at least one workweek.

## DAMAGES SOUGHT

68.    Service Agents are entitled to recover their unpaid overtime wage compensation.

69.    Service Agents are also entitled to an amount equal to all of their unpaid wages due under the FLSA as liquidated damages. 29 U.S.C. § 216(b).

70.    Service Agents are entitled to recover attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b), and such other relief the Court deems fair and equitable.

## JURY DEMAND

71.    Ms. Thomas hereby requests trial by jury.

## PRAYER

72.    For these reasons, Ms. Thomas and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

    a.    An order certifying this action as a collective action;

    b.    An order finding that Defendant violated the FLSA;

    c.    An order finding that these violations were willful;

    d.    All unpaid wages;

    e.    An equal amount as liquidated damages as allowed under the FLSA;

    f.    Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

    g.    Such other and further relief to which Ms. Thomas and Class Members may be entitled at law or in equity.

Respectfully submitted,


By:/S/Trang Q. Tran

Trang Q. Tran
TRAN LAW FIRM L.L.P.
Federal I.D: 20361
Texas Bar No. 00795787
2537 S. Gessner, Suite 104
Houston, Texas 77063
Telephone: (713) 223-8855
Facsimile: (713) 623-6399

**ATTORNEY FOR PLAINTIFF**