Case 4:16-cv-03648   Document 32   Filed in TXSD on 01/25/18   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
January 25, 2018
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MARY L. THOMAS, | § | |
| *Plaintiff*, | § § § | |
| v. | § | CIVIL ACTION H-16-3648 |
| HUNTLEIGH USA CORPORATION, | § § § | |
| *Defendant*. | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a motion for conditional certification of a collective action filed by plaintiff Mary Thomas. Dkt. 26. Defendant Huntleigh USA Corporation ("Huntleigh") responded. Dkt. 29. Huntleigh also requests leave to file a proposed order with its response. Dkt. 30. After considering the motion, the response, the reply, the relevant documents in the record, and the applicable law, the court is of the opinion that Thomas's motion for conditional certification should be DENIED and Huntleigh's motion for leave should be DENIED AS MOOT.

## I. BACKGROUND

In this Fair Labor Standards Act ("FLSA") case, Huntleigh is an aviation-service company. Dkt. 26 at 2. Huntleigh employs "Service Agents"[1] to provide services such as aircraft guarding, aircraft cleaning, baggage security, janitorial services, passenger screening, and wheelchair assistance. *Id.* Thomas worked as a Service Agent for Huntleigh, and like other Service Agents, was paid on an hourly basis. *Id.*

---

[1] Although Huntleigh denies that it refers to any employees as "Service Agents," the court will do so here for consistency with Thomas's motion. Dkt. 29 at 6.

According to Thomas, Huntleigh provided Service Agents with a thirty-minute lunch break. *Id.* at 3. Huntleigh would deduct that time from the Service Agents' pay regardless of whether they actually took the break. *Id.* Thus, Thomas alleges that Service Agents were not paid for the thirty minutes when they worked through their lunch break. *Id.* Further, Thomas alleges that Huntleigh did not pay proper overtime wages when Service Agents worked more than forty hours a week. *Id.* In the instant motion, Thomas seeks conditional certification under the FLSA. *Id.* at 10.

## II. ANALYSIS

Thomas asks the court to conditionally certify the class and for permission to send notice of the lawsuit to "[a]ll Service Agents employed by Huntleigh USA Corporation in the past three (3) years who were paid an hourly rate without the full time-and-a-half overtime premium for all overtime hours worked." *Id.* at 1. Huntleigh argues that Thomas has not met her burden to justify conditional certification. Dkt. 29. Alternatively, Huntleigh asks the court to limit the proposed class and notice. *Id.*

**A.    Legal Standard**

Section 207(a) of the FLSA requires covered employers to compensate nonexempt employees at overtime rates for time worked in excess of forty hours per week. 29 U.S.C. § 207(a). Section 216(b) creates a cause of action against employers who violate the overtime compensation requirements. *Id.* § 216(b). Section 216(b) also permits an employee to bring a collective action lawsuit against an employer on "behalf of himself . . . and other employees similarly situated." *Id.* Employees wishing to join a § 216(b) collective action must affirmatively "opt-in" to the action by filing a written consent with the court. *Id.* The "opt-in" procedure of § 216(b) illustrates its "fundamental, irreconcilable difference" from a class action under Federal Rule of Civil Procedure 23(c): in a Rule 23 proceeding, persons within the class description are automatically considered

class members and must "opt-out" if they do not wish to participate. *LaChapelle v. Owens-Ill., Inc.*, 513 F.2d 286, 288 (5th Cir. 1975).

The Fifth Circuit has declined to adopt a specific test to determine when a court should certify a collective action or grant notice in a § 216(b) action, but most federal courts (including this court) have adopted the *Lusardi* test. *Badgett v. Tex. Taco Cabana*, *L.P.*, No. H–05–3624, 2006 WL 2934265, at *1–2 (S.D. Tex. Oct. 12, 2006) (Miller, J.). Under the *Lusardi* test, a district court engages in a two-step analysis to determine whether the potential plaintiffs are "similarly situated." *Id*. at *1.

The two stages of the *Lusardi* test are the "notice stage" and the "decertification stage." *Id.* At the notice stage, the court decides, usually solely based on the pleadings and any submitted affidavits, whether to conditionally certify a collective action and give notice to potential class members. *See Mooney v. Aramco Servs*, 54 F.3d 1207, 1213–14 (5th Cir. 1995). The court applies a "fairly lenient standard" because there is often minimal evidence available. *Id.* at 1214. In fact, courts "appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* at 1214 n.8 (quoting *Sperling v. Hoffmann-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)). After conditional certification, the "putative class members are given notice and the opportunity to 'opt-in.'" *Id.* at 1214.

Then, the action proceeds as a representative action. *See id.* At the "decertification stage," after the opt-in period has concluded and discovery is largely complete, defendants typically file a motion to decertify. *Id.* "At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question." *Id.* If the court finds the claimants are no longer made up of similarly situated persons, it decertifies the class and

dismisses the opt-in plaintiffs without prejudice. *Id.* If the class is still similarly situated, the court allows the collective action to proceed. *Id.*

A "'decision to certify, even if subject to correction at the decertification stage, is not without consequences'" as "[t]oo much leniency at the notice stage can lead to a 'frivolous fishing expedition conducted by the plaintiff at the employer's expense.'" *Lang v. DirecTV, Inc.*, No. 10–1085, 2011 WL 6934607, at *6 (E.D. La. Dec. 30, 2011) (footnotes omitted). Further, "extreme leniency at the notice stage can result in conditional certification that must later be revoked on the eve of trial . . . when it becomes obvious that manageability concerns make collective action impossible." *Id.* (footnote omitted). Therefore, while the notice stage standard is lenient, it is not automatic. *Badgett*, 2006 WL 2934265, at *2.

The plaintiff bears the burden of making a preliminary factual showing that a similarly situated group of potential plaintiffs exists. *Id.* To establish this, the plaintiff must make a minimal showing that: "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Maynor v. Dow Chem. Co.*, No. G–07–0504, 2008 WL 2220394, at *6 (S.D. Tex. May 28, 2008) (Rosenthal, J.) (citing *Prater v. Commerce Equities Mgmt. Co.*, No. H–07–2349, 2007 WL 4146714, at *4 (S.D. Tex. Nov. 19, 2007); *Simmons v. T–Mobile USA, Inc.*, No. H–06–1820, 2007 WL 210008, at *5 (S.D. Tex. Jan. 24, 2007)).

**B.     Analysis**

Thomas alleges that she regularly worked more than forty hours in a week and was not paid overtime for that work. Dkt. 26-1 at 2. Further, Thomas argues for conditional certification because other Service Agents performed the same or similar work and did not receive any overtime pay. *Id.*

In support of this claim, Thomas relies on a single statement she made in a declaration attached as an exhibit to her motion, and the identical statement made by opt-in plaintiff Ashley Reese. The statement provides:

> I believe other similarly situated Service Agents were likewise paid an overtime rate that is less than the legally-required minimum under the Fair Labor Standards Act.

Dkts. 26-1, 26-2.

Huntleigh advances several arguments against conditional certification. Dkt. 29. First, Huntleigh argues that the court should apply the second stage of *Lusardi* because the parties have already engaged in substantial discovery. *Id.* at 5. Second, Huntleigh argues that its lunch policy is lawful and that it properly paid overtime to Thomas and Reese. *Id.* at 6–12. Third, Huntleigh argues that Thomas cannot meet the standard for the first step of *Lusardi*. *Id.* at 12–20. Finally, Huntleigh offers an alternative argument to limit the proposed class and notice. *Id.* at 21–22. Because conditional certification is not warranted in this case under the first step of *Lusardi*, the court need not consider Huntleigh's other arguments.[2]

Assuming, without deciding, that Thomas satisfies the first two elements of the *Lusardi* test, conditional certification is not warranted because Thomas fails to make a minimal showing that other similarly situated individuals want to opt in to the lawsuit, which is required under the third element. *Maynor*, 2008 WL 2220394, at *6. This court has joined others in this district by denying conditional certification when the plaintiff failed to satisfy that element. *See, e.g., Herron v. Peveto Cos., Ltd.*, No. H–15–766, 2016 WL 3166850, at *2 (S.D. Tex. June 7, 2016) (Miller, J.). "This

---

[2]Although Huntleigh provides compelling evidence as to the merits of Thomas's claims, "courts do not review the underlying merits of the action in determining whether to grant conditional certification." *Heeg v. Adams Harris, Inc.*, 907 F. Supp. 2d 856, 861 (S.D. Tex. 2012).

requirement is necessary to ensure that the collective action mechanism is being used appropriately to promote judicial efficiency rather than as a tool to burden a defendant and create settlement pressure." *Id.*

The identical statements relied on by Thomas provide no evidence that any other individuals want to join the collective action. *See* Dkts. 26-1, 26-2. Further, Thomas filed her original complaint over a year ago. Dkt. 1. Even so, only two individuals, Reese and Sherman Andrews, have opted into the lawsuit. Dkts. 23, 24. That, alone, does not justify conditional certification.

In the past, this court has declined to conditionally certify collective actions when plaintiffs have presented the kind of evidence Thomas presents here. *See Shaffer v. M-I, LLC*, No. H–14–2966, 2015 WL 7313415, at *4 (S.D. Tex. Nov. 19, 2015) (Miller, J.) (declining to conditionally certify when one valid consent was filed along with an affidavit stating "[plaintiff] know[s] that others would be interested to learn that they too may recover unpaid back wages from [defendant]"); *Morales v. Thang Hung Corp.*, No. 4:08-2795, 2009 WL 2524601, at *3 (S.D. Tex. Aug. 14, 2009) (Miller, J.) (declining to conditionally certify when one consent was filed along with an affidavit stating that plaintiff believes there are three other employees who would be interested in joining the suit).

In both *Shaffer* and *Morales*, only one consent was filed, but the respective plaintiffs included at least some indication that others would be interested in joining the lawsuit in their affidavits. *Shaffer*, 2015 WL 7313415, at *4; *Morales*, 2009 WL 2524601, at *3. Here, Thomas's evidence fails to provide *any* indication that others would be interested in opting in, even though the parties were approximately halfway through the discovery period when Thomas filed the motion. Dkt. 20. A single additional consent filing fails to establish that others want to opt in. Further, Huntleigh provides affidavits of sixty-one employees testifying that they were properly paid overtime wages.

6

Dkts. 29-2, 29-3, 29-4, 29-5, 29-6, 29-7, 29-8. In light of Huntleigh's evidence, and especially juxtaposed with a dearth of Thomas's own evidence halfway through the discovery period, Reese and Andrews's consents fail to provide the requisite minimal showing that other similarly situated individuals want to opt in to the lawsuit.

### III. CONCLUSION

Because Thomas failed to satisfy the third element of the *Lusardi* test, Thomas does not meet her burden to justify conditional certification. Thus, Thomas's motion for conditional certification of a collective action (Dkt. 26) is DENIED. Opt-in plaintiffs Ashley Reese and Sherman Andrews are DISMISSED WITHOUT PREJUDICE. If Reese and Andrews still desire to join this litigation, either may file a motion for leave to join the action as an additional plaintiff. Huntleigh's motion for leave to file a proposed order (Dkt. 30) is DENIED AS MOOT.

Signed at Houston, Texas on January 25, 2018.

_____
Gray H. Miller
United States District Judge